# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NARCUS WESLEY,<br><br>    Petitioner,<br><br>vs.<br><br>DIRECTOR NEVADA DEPT. OF CORRECTIONS, et al.,<br><br>    Respondents. | Case No. 2:13-cv-01513-JAD-CWH<br><br>**ORDER**<br>[##13, 25] |

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#9), respondents' motion to dismiss (#13), petitioner's motion to file first amended petition (#25), and respondents' opposition (#26) to petitioner's motion.

**Discussion**

Respondents first argue that petitioner has not exhausted his available state-court remedies for grounds 2, 6, and 14. *See* 28 U.S.C. § 2254(b). Petitioner agrees with respondents' argument, and the proposed amended petition attached to his motion to file a first amended petition (#25) has those grounds crossed out. The court concludes that petitioner intends not to pursue those grounds. The court will grant petitioner's motion to file a first amended petition (#25) and, in the interest of avoiding future confusion, the court will dismiss grounds 2, 6, and 14 from the amended petition.

Respondents next argue that petitioner has procedurally defaulted ground 13. Ground 13 is a claim that the jury in petitioner's trial did not represent a fair cross-section of the community. Petitioner did not raise this claim on direct appeal. *See* Ex. 80 (#18). Petitioner did raise the claim in his state habeas corpus petition and on appeal from the denial of that petition. Ex. 109 at 27-28 (#19). The Nevada Supreme Court ruled that the claim was barred because it was a claim that petitioner could have raised, but did not raise, on direct appeal. Ex. 116 at 7 (citing Nev. Rev. Stat. § 34.810) (#19).

A federal court will not review a claim for habeas corpus relief if the decision of the state

court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 730-31, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The ground for dismissal upon which the Nevada Supreme Court relied in this case is an adequate and independent state rule. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).

Petitioner has not filed an opposition to the motion to dismiss (#13), and his motion to file a first amended petition (#25) does not address respondents' arguments regarding this procedural default. The court concludes that petitioner has consented to the finding that ground 13 is procedurally defaulted. *See* LR 7-2(d). Petitioner realleges ground 13 in the proposed amended petition. The court dismisses this ground.

The court dismissed ground 3 of the petition (#9) because it was redundant to grounds 7 and 8. Order at 1 (#8). Petitioner realleges ground 3 in the proposed amended petition without explanation. The court dismisses this ground again.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner's motion to file a first amended petition **(#25) is GRANTED**. **The clerk of the court shall file the amended petition (#25-1)** that is currently attached to the motion as an exhibit;

IT IS FURTHER ORDERED that respondents' motion to dismiss **(#13) is GRANTED**. **Grounds 2, 6, and 14 of the amended petition are DISMISSED** because they are unexhausted. **Ground 13 of the amended petition is DISMISSED with prejudice** because it is procedurally defaulted.

IT IS FURTHER ORDERED that **ground 3 of the amended petition is DISMISSED** because it is redundant of grounds 7 and 8 of the amended petition.

IT IS FURTHER ORDERED that **respondents have until May 1, 2015, to file and serve**

1 | **an answer** that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United
2 | States District Courts.  **Petitioner shall have 45 days from the date on which the answer is**
3 | **served to file a reply.**
4 | DATED March 18, 2015

_____
JENNIFER A. DORSEY
United States District Judge